IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE HENDERSHOT, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-1951 |
| | : | |
| v. | : | |
| | : | |
| THE HOME DEPOT, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

Slomsky, J.                                                                                           February 13, 2009

**I.    INTRODUCTION**

Plaintiff filed this employment discrimination case on April 2, 2008. It was removed to this Court on April 25, 2008. In his Complaint, Plaintiff alleges that he was wrongfully terminated from his employment at Defendant's store for two reasons: (1) as a result of his age; and (2) as a result of Defendant's retaliation against him for taking the position that he would truthfully testify at the Equal Employment Opportunity Commission ("EEOC") hearing of one of Defendant's former employees to the detriment of the Defendant. Defendant has filed a Motion for Summary Judgment seeking dismissal of these claims.

Plaintiff was hired by Defendant in the Spring of 2004 to work as a Sales Associate in Defendant's Phillipsburg, Pennsylvania store. Plaintiff was 53 years of age when he was hired by Defendant. In July, 2004, Plaintiff was transferred to the position of Loss Prevention Investigator ("LPI"). Plaintiff received a seven-week-long training program to become an LPI, and during this training was taught required steps that needed to be followed before stopping a

1

customer for shoplifting.[1]  Plaintiff was also informed about the store's policy on non-recovery incidents ("NRI"), which cover incidents where an LPI detains a customer for shoplifting and it is determined that the customer is not in possession of stolen merchandise.  Plaintiff was transferred to Defendant's Easton, Pennsylvania store on July 27, 2004, after he became a certified LPI.

Plaintiff was disciplined in August 2005 for having an NRI, and was informed that if Plaintiff had any additional NRIs, it would result in immediate termination.[2]  Plaintiff was also counseled by his supervisor, Shelby Miller, for his lack of apprehensions of shoplifters, and was informed in his March 2005 performance review that he needed to increase his productivity.

In August 2005, while working as an LPI, Plaintiff reported an incident of possible internal theft by a Home Depot Cashier, Sandra Singletary.  The incident was reported to Miller, who investigated the incident and then recommended terminating Singletary's employment.  In October 2006, Plaintiff was approached by Jeffery Benner, the Human Resource Manager in the Easton store, to request that Plaintiff testify at a hearing on a discrimination claim brought by Singletary, who had initiated an employment discrimination action with the Equal Employment Opportunity Commission ("EEOC") after being terminated.  Plaintiff told Benner that he did not have any recollection of the incident involving Singletary, and Benner told Plaintiff to read a report prepared by Miller, and to testify to the facts in that report.  Plaintiff, after reading Miller's

---

[1] The required steps are: (1) observe the customer enter the area; (2) observe the customer select an item; (3) observer the customer conceal the item; (4) observe the customer leave the area; and (5) observe the customer exit the store without paying for the item.

[2] Defendant contends that Plaintiff also had an NRI while still in training to become a LPI.  Defendant has produced no documents to support this contention, and Plaintiff refutes it.

report, independently investigated the incident and determined that Singletary had done nothing inappropriate and that she was wrongfully terminated. Plaintiff told Benner that he did not agree with the findings in Miller's report, and suggested that the company settle with Singletary. On Friday November 3, 2006, Benner told Plaintiff to report to work on Monday, November 6, 2006 to testify at Singletary's EEOC hearing. Plaintiff responded that he would attend and testify at the hearing, but he would testify truthfully.

On Saturday, November 4, 2006, Plaintiff was involved in an incident in which a customer attempted to return an item for which he did not have the correct receipt. The parties' description of this event differ. Defendant claims that Plaintiff committed an NRI by apprehending the customer and accusing him of "receipt shopping," which encompasses entering the store with the receipt and selecting a product on the receipt from a shelf with the intention of using this product as a ruse sale with the receipt in order to obtain a refund. Plaintiff has presented a surveillance video from the store on that day that corroborates Plaintiff's interpretation of the events. Plaintiff states that the customer was waiting in the return area after being told he could not return the item. Plaintiff and the cashier then approached the customer. Plaintiff told the customer he had the wrong receipt and allowed the customer to return to his car to get the correct receipt. The customer brought back the correct receipt and then properly returned the product.

On Sunday November 5, 2006, one day before Singletary's EEOC hearing, Plaintiff was terminated from his employment for having a second alleged NRI, stemming from the incident with the customer the day before. Plaintiff claims that he was wrongfully terminated for insisting on testifying truthfully at Singletary's EEOC hearing and also due to his age. Defendant filed

this Motion for Summary Judgment on January 23, 2009, and Plaintiff filed his response on February 6, 2009.

## II.     SUMMARY JUDGMENT STANDARD

Granting summary judgment is an extraordinary remedy. Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Liberty Lobby, 477 U.S. at 247-49.

In ruling on a motion for summary judgment, the Court must view the evidence, and make all reasonable inference from the evidence, in the light more favorable to the nonmoving party. Liberty Lobby, 477 U.S. at 252. Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the nonmoving party's evidence over that presented by the moving party. Liberty Lobby, 477 U.S. at 255. Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." Liberty Lobby, 477 U.S. at 251-52.

**III.     DISCUSSION**

Defendant's Motion for Summary Judgment must be denied.  Plaintiff has demonstrated the existence of genuine factual issues that are material to the claims and defenses in this case.  Plaintiff has established that a genuine issue of material fact exists as to whether Plaintiff has made out a *prima facie* case of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA") for engaging in protected activity.  The analysis of Plaintiff's claim is the same under both Title VII and PHRA.  <u>Weston v. Pennsylvania</u>, 251 F.3d 420, 426 n.3 (3d. Cir. 2001).  In order to state a *prima facie* case of retaliation, Plaintiff must show that: (1) he engaged in protected activity; (2) Defendant took an adverse employment action against Plaintiff after or contemporaneous with the protected activity; and (3) a causal connection exists between the protected activity and the adverse employment action.  <u>Fogelman v. mercy Hospital, Inc.</u>, 283 F.3d 561, 567-68 (3d. Cir. 2002); <u>Weston</u>, 251 F.3d at 430.

The parties agree, for the purposes of summary judgment, that Plaintiff has suffered an adverse employment action.  Defendant alleges, however,  in its Motion for Summary Judgment that Plaintiff has not established the other requirements for establishing a *prima facie* case for retaliation.  Contrary to Defendant's assertions, plaintiff has established that a genuine issue of material fact exists as to whether Plaintiff's statement that he would "tell the truth" at Ms. Singletary's EEOC hearing constitutes protected activity under Title VII and PHRA, and whether this statement was the cause of Plaintiff's termination.

Once Plaintiff has stated a *prima facie* case of retaliation, the burden shifts to the Defendant to articulate a legitimate non-discriminatory, non-retaliatory reason for its actions.

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).  Plaintiff then has the opportunity to prove that the articulated non-discriminatory reason for the adverse employment action was mere pretext for discrimination.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43 (2000); McDonnell Douglas, 411 U.S. at 804.  Defendant has put forth the alleged November 4, 2006 NRI as its non-discriminatory reason for Plaintiff's termination.  Plaintiff, however, has demonstrated inconsistencies in Defendant's agent's accounts of that incident, sufficient to establish a genuine issue of material fact as to whether the November 4, 2006 incident was an NRI, and whether Plaintiff's termination after this incident was a mere pretext for terminating Plaintiff before he could testify truthfully at Ms. Singletary's EEOC hearing.[3]  The evidence offered by the parties on this issue is contradictory, and thus disputed, and this issue is genuine and material to Plaintiff's claim of retaliation.  Accordingly, Defendant's Motion for Summary Judgment must be denied as to Plaintiff's claim of retaliation under Title VII and PHRA.

      Plaintiff has established that there is a genuine issue of material fact as to whether Plaintiff has made out a *prima facie* case of age discrimination.  To make out a *prima facie* case of age discrimination, Plaintiff must demonstrate: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was

---

[3] Defendant's witness, Dale Tully, the Loss Prevention Manager present in the store on November 4, 2006, stated that he saw Plaintiff stop the customer and walk with the customer to the return area. (Tully Dep. p. 36 line 16-17; p. 36 line 25 - p. 37 line 11, p. 46 line 2-10.) However, Plaintiff's Exhibit K to his Response to the Motion for Summary Judgment, which must be credited at the summary judgment stage, shows a customer waiting in the return area, with Plaintiff walking up to the customer, consistent with Plaintiff's deposition testimony and that of at least one other witness. (Pl. Res. Exh. K).  This factual discrepancy is sufficient to deny Defendant's Motion for Summary Judgment on this claim.

replaced by a person sufficiently younger to permit an inference of discrimination.  Anderson v. Consolidated Rail Corp., 297 F.3d 242, 249 (3d. Cir. 2002).  The parties agree, for the purposes of summary judgment, that Plaintiff has satisfied the first, third and fourth requirements to make out a *prima facie* case of age discrimination.  Defendant disputes the second requirement that Plaintiff was qualified for the position from which he was terminated, citing to:  (1) "repeated counseling" about Plaintiff's job performance; (2) a statement made in his March 2005 performance review that Plaintiff needed to increase his productivity; (3) Plaintiff's previous NRI in August 2005;[4] and (4) Plaintiff's placement on a "performance improvement plan" due to the August 2005 NRI and Plaintiff's lack of productivity.  Plaintiff has presented evidence, which must be credited at the summary judgment stage, that Plaintiff's performance summaries show that he was meeting defendant's expectations, and performing at the level of "achiever" or better.  Additionally, as Plaintiff points out, Defendant has never produced any documents supporting its contention that Plaintiff was put on a performance improvement plan.  This Court must credit Plaintiff's assertions that his performance was adequate until the time of his termination.  Liberty Lobby, 477 U.S. at 252, 255.  Plaintiff has made out a *prima facie* case of age discrimination.

Defendant's articulated non-discriminatory reason for Plaintiffs termination is the same for this claim as it was for Plaintiff's claim of retaliation, and the McDonnell Douglas burden-shifting standard outlined above must be applied in the same manner to this claim.  Plaintiff has

---

[4] It is disputed whether Plaintiff had an NRI before the one reported in August 2005. Defendant claims that while in training to become an LPI, Plaintiff had an NRI that was not reported and did not result in discipline, because Plaintiff was still in training.  Defendant has provided no documentary evidence of this alleged NRI, and Plaintiff disputes its occurrence.

established a genuine issue of material fact as to whether Defendant's articulated non-discriminatory reason for Plaintiff's termination—the November 4, 2006 alleged NRI—was merely a pretext for terminating Plaintiff.

Based on the genuine issues of material fact that exist in this case, Defendant's Motion for Summary Judgment is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE HENDERSHOT, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-1951 |
| | : | |
| v. | : | |
| | : | |
| THE HOME DEPOT, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 13th day of February, 2009, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 18) and Plaintiff's Response thereto (Doc. No. 20), it is ORDERED that Defendant's Motion is DENIED.

BY THE COURT:

s/ Joel H. Slomsky
JOEL H. SLOMSKY,  J.